UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:14 CV 384-BR

| | |
|---|---|
| ARSENIO MARTEZ RIVERS,<br>       Plaintiff<br><br>  v.<br><br>CHIEF B. RHODES of the Mount Olive<br>Police Department, PTL. I. DILLARD, of<br>the Mount Olive Police Department,<br>PTL. K. GRADY, of the Mount Olive<br>Police Department, individually and in their<br>official capacities,<br>       Defendants | **ANSWER AND DEFENSES** |

NOW COME Defendants, by and through undersigned counsel, responding to the allegations contained in Plaintiff's Complaint, and hereby allege and say as follows:

### FIRST AFFIRMATIVE DEFENSE
**Qualified Immunity**

These Defendants hereby plead qualified immunity as an affirmative defense and as a complete and total bar to the claims against them in Plaintiff's Complaint.

### SECOND AFFIRMATIVE DEFENSE
**Public Official Immunity**

These Defendants hereby plead public official immunity as an affirmative defense and as a complete and total bar to the claims against them in Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE
**Sovereign/Governmental Immunity**

These Defendants hereby plead sovereign and/or governmental immunity as an affirmative defense and as a complete and total bar to the claims against them in Plaintiff's Complaint.

# FOURTH AFFIRMATIVE DEFENSE
### Existence of Probable Cause

These Defendants hereby plead the existence of probable cause as an affirmative defense and as a complete and total bar to the claims against them in Plaintiff's Complaint.

## ANSWER

1. The allegations contained in paragraph 1 of the Complaint are such that no responsive pleading is required.

2. The allegations contained in paragraph 2 of the Complaint are such that no responsive pleading is required.

3. The allegations contained in paragraph 3 of the Complaint are admitted.

4. As to the allegations contained in paragraph 4 of the Complaint, it is admitted that Defendant Rhodes is the Chief of Police of the Town of Mount Olive. It is further admitted that Defendant Rhodes has those duties and responsibilities as are imposed upon him by law. Except as expressly herein admitted, the allegations contained in paragraph 4 of the Complaint are denied.

5. The allegations contained in paragraph 5 of the Complaint are admitted.

6. The allegations contained in paragraph 6 of the Complaint are admitted.

7. As to the allegations contained in paragraph 7 of the Complaint, it is admitted that all times relevant hereto, Defendants were acting in the course and scope of their employment as police officers for the Town of Mount Olive. The remaining allegations contained in paragraph 7 of the Complaint are such that no responsive pleading is required.

8. The allegations contained in paragraph 8 of the Complaint are admitted.

9. As to the allegations contained in paragraph 9 of the Complaint, it is admitted that on or about November 22, 2013, Defendant Dillard initiated a traffic stop of the vehicle being operated by Plaintiff. It is further admitted that Defendant Dillard activated his blue lights at the

time of the initiation of the traffic stop. It is further admitted that at some point early in the traffic stop, Defendant Dillard directed Plaintiff to return to his vehicle. It is further admitted that Plaintiff was operating his vehicle on Church Street at the time Defendant Dillard initiated the traffic stop. Except as expressly herein admitted, the allegations contained in paragraph 9 of the Complaint are denied.

10. As to the allegations contained in paragraph 10 of the Complaint, to the degree those allegations purport to refer to written documents, the contents of those documents speak for themselves. It is admitted that Plaintiff was operating a vehicle with an improperly displayed license plate, a broken taillight, and with expired registration. Except as expressly herein admitted, the allegations contained in paragraph 10 of the Complaint are denied.

11. As to the allegations contained in paragraph 11 of the Complaint, it is admitted that Defendant Dillard requested assistance from an additional unit when Plaintiff delayed the production of his driver's license and vehicle registration documentation. It is further admitted that, thereafter, Defendants Grady and Rhodes, along with other officers, arrived at the scene. Except as expressly herein admitted, the allegations contained in paragraph 11 of the Complaint are denied.

12. As to the allegations contained in paragraph 12 of the Complaint, it is admitted that Defendant Grady arrived less than three minutes after being dispatched to the scene. It is further admitted that, during the course of the traffic stop, Defendant Grady stood near the opened doorway of the driver's side of Plaintiff's automobile. Except as expressly herein admitted, the allegations contained in paragraph 12 of the Complaint are denied.

13. As to the allegations contained in paragraph 13 of the Complaint, it is admitted that Defendant Rhodes arrived at the scene of the traffic stop shortly after Defendant Grady arrived. Except as expressly herein admitted, the allegations contained in paragraph 13 of the Complaint are denied.

3

Case 5:14-cv-00384-BR   Document 10   Filed 08/20/14   Page 3 of 7

14. As to the allegations contained in paragraph 14 of the Complaint, it is admitted that Defendant Grady asked Plaintiff if he had anything in his car that Defendant Grady should know about. It is further admitted that Defendant Grady called for a K-9 Unit to come to the scene. Except as expressly herein admitted, the allegations contained in paragraph 14 of the Complaint are denied.

15. The allegations contained in paragraph 15 of the Complaint are denied.

16. As to the allegations contained in paragraph 16 of the Complaint, it is admitted that Defendant Grady performed a pat-down of the Plaintiff to determine if he was carrying any weapons. It is further admitted that consent was not sought from the Plaintiff for this pat-down. Except as expressly herein admitted, the allegations contained in paragraph 16 of the Complaint are denied.

17. The allegations contained in paragraph 17 of the Complaint are denied.

18. As to the allegations contained in paragraph 18 of the Complaint, it is admitted that Plaintiff Rivers was stopped from striking the top of the patrol car with his keys. Except as expressly herein admitted, the allegations contained in paragraph 18 of the Complaint are denied.

19. As to the allegations contained in paragraph 19 of the Complaint, it is admitted that some drug paraphernalia, including marijuana seeds, was found in Plaintiff's vehicle. It is further admitted that no other contraband was found in the search of the vehicle. Except as expressly herein admitted, the allegations contained in paragraph 19 of the Complaint are denied.

20. These Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, and therefore deny same.

21. As to the allegations contained in paragraph 21 of the Complaint, it is admitted that Plaintiff spoke to Defendant Rhodes about his complaints. It is further admitted that Defendant Rhodes indicated that he was present on the date of the incident, and expressed the

belief that the officers at the scene did not engage in any misconduct, and that there was no basis for any grievance by the Plaintiff. These Defendants are without sufficient knowledge to form a belief as to the truth or falsity of the allegations relating to Plaintiff's plans or his conduct prior to meeting with Defendant Rhodes and therefore deny same. It is specifically denied that Defendant Rhodes was uncooperative or unprofessional. Except as expressly herein admitted, the allegations contained in paragraph 21 of the Complaint are denied.

22. Defendants restate the responses to the allegations contained in paragraphs 1 through 21, as set forth above, and incorporate them as if fully set forth herein.

23. The allegations contained in paragraph 23 of the Complaint are denied.

24. The allegations contained in paragraph 24 of the Complaint are denied.

25. The allegations contained in paragraph 25 of the Complaint are denied.

26. The allegations contained in paragraph 26 of the Complaint are denied.

27. The allegations contained in paragraph 27 through 33 of the Complaint are such that no responsive pleading is required.

28. All allegations in Plaintiff's Complaint, not specifically admitted hereinabove, are hereby denied.

WHEREFORE, Defendants request the following relief from this Court:

1. That the Plaintiff have and recover nothing of the Defendants;

2. That the Plaintiff's Complaint be dismissed, and the costs of this action be taxed to the Plaintiff;

3. For such other and further relief as this Court may deem just and proper;

4. That Defendants recover attorney's fees from Plaintiffs pursuant to 42 U.S.C. §1988; and,

5. For a trial by jury on all issues so triable.

This the 20th day of August, 2014.

        By:    /s/Scott C. Hart
              State Bar No. 19060
              Attorneys for Defendants
              Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
              Post Office Drawer 889
              New Bern, North Carolina  28563
              Telephone: (252) 633-3131
              Fax:  (252) 633-3507
              E-mail:  shart@nclawyers.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **ANSWER AND DEFENSES** was served upon Plaintiff by depositing the same in a postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service, New Bern, North Carolina, and addressed to:

>Arsenio Martez Rivers
>1011 S. Center Street
>Mt. Olive, NC  28365

This the 20th day of August, 2014.

By: /s/Scott C. Hart
State Bar No. 19060
Attorneys for Defendants
Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
Post Office Drawer 889
New Bern, North Carolina  28563
Telephone: (252) 633-3131
Fax:  (252) 633-3507
E-mail:  shart@nclawyers.com

\\SERVER04\lssdocs\00000018\00052819.000.DOCX